IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALERIE ESTRADA | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 2:18-cv-02949-JS |
| | : | |
| FBCS INC. | : | |
| Defendant | : | |

**DEFENDANT FBCS INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(1)**

Defendant, FBCS INC. ("Defendant" or "FBCS") respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).  As set forth more fully below, Plaintiff lacks Article III standing to bring her claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), because she has failed to allege an injury that is concrete and particularized.

I.     **INTRODUCTION**

This matter arises from a July 17, 2017 collection letter FBCS sent to Plaintiff regarding a delinquent obligation owed to Jefferson Capital Systems, LLC, for $1,193.33.  (Doc. 1 at ¶¶ 7-9 and Exhibit A).  FBCS offered Plaintiff a settlement offer of $656.33 in the July 17, 2017 letter.  (Doc. 1 at ¶ 10 and Exhibit A).[1]  FBCS presented Plaintiff three options regarding her outstanding obligation.  (Doc.  1 at ¶¶ 12-14 and Exhibit A).  One of the payment plan options allowed Plaintiff to conveniently divide the total settlement offer into three payments of $218.78. (Doc. 1 at Exhibit A).  The Plaintiff chose not to pursue any of the settlement offers, including the three-payment

---

[1]\     Defendant has attached a complete copy of the July 17, 2017 letter as Exhibit 1 to this Motion.  *See infra* note 2.

option.   If the Plaintiff had chosen this option, however, arithmetic dictates **that the total settlement offer was increased by simply one cent** to $656.34.  Plaintiff claims that if this option is elected, FBCS is attempting to collect an amount more than it is legally entitled to, which amounts to a false and misleading representation and an unfair practice violative of Sections 1692(e)(2)(A), 1692e(10), and 1692(f) of the FDCPA. (Doc. 1 at ¶¶ 16-19, 41-43).   However, Plaintiff lacks Article III standing because there is absolutely no concrete injury due to an increase of one cent.  In addition, the settlement offer **was gratuitous**.  The mere fact that a settlement was offered at all is a benefit to Plaintiff. She has no legal right to be offered a reduced amount. There is no violation of the FDCPA.

Accordingly, this Court should dismiss the Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's claims arise out of a July 17, 2017 collection letter FBCS mailed to her.  (Doc. 1 at ¶ 8 and Exhibit A).  FBCS sought to collect on Plaintiff's outstanding obligation of $1,193.33 owed to Jefferson Capital Systems, LLC.  (Doc. 1 at ¶¶ 7, 9).  In an effort to resolve Plaintiff's outstanding obligation, FBCS made a settlement offer to Plaintiff of $656.33.  (Doc. 1 at ¶ 10 and Exhibit A).  FBCS provided Plaintiff with three options to resolve the outstanding obligation. (Doc. 1 at ¶¶ 12-14).  Plaintiff could make  one (1) payment of $656.33.  (Doc. 1 at ¶ 13 Exhibit A). Plaintiff could also pay an initial payment of $131.27, and then make a later payment of $525.06. (Doc. 1 at ¶ 13 and Exhibit A).  A third potential option allowed Plaintiff to make three (3) equal payments of $218.78.  (Doc. 1 at ¶ 14 and Exhibit A).  If this option was elected, arithmetic dictates that the settlement offer was increased **by one penny** to $656.34, because $656.33 cannot be divided perfectly evenly three ways.  Significantly, Plaintiff did not accept this offer.

Plaintiff alleges that FBCS's offer to have Plaintiff pay three (3) installments of $218.78 constitutes "an amount greater than allowed" merely because it would result in a one-cent increase than the initial settlement offer of $656.33. (Doc. 1 at ¶ 16-19). Plaintiff also makes this allegation despite the fact that Plaintiff's balance was $1,193.33. Plaintiff further alleges that FBCS's payment plan offer is misleading and an unfair practice under Sections 1692(e) and 1692(f) of the FDCPA. (Doc. 1 at ¶¶ 19, 42-43).

Plaintiff, however, has suffered absolutely no harm, and therefore, has no concrete injury, which is required for Article III standing. As such, this Court lacks subject matter jurisdiction to hear Plaintiff's FDCPA claims pursuant to Fed. R. Civ. P. 12(b)(1). Therefore, this Court should grant FBCS's Motion to Dismiss.

## III.   LEGAL ARGUMENT

### A.  Standard of Review

FBCS asserts a facial challenge under Fed. R. Civ. P. 12(b)(1) to Plaintiff's Complaint because FBCS challenges the sufficiency of the Complaint on the grounds that the pleaded facts do not establish constitutional standing. *See In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017). FBCS does not challenge the validity of any of Plaintiff's pleaded facts, and therefore does not mount a factual challenge under Fed. R. Civ. P. 12(b)(1). When reviewing facial challenges to standing, federal courts apply the same standard as on review of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *In re Horizon*, 846 F.3d at 633 (3d Cir. 2017) (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 299 at n.1 (3d Cir. 2006) ("noting 'that the standard is the same when considering a facial attack under Rule 12(b)(1) or a motion to dismiss for failure to state a claim under Rule 12(b)(6)'"). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint must plead, "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When ruling on a motion to dismiss, the court must accept all factual allegations in the pleadings as true and draw all reasonable inferences in favor of the non-moving party. *Id.* at 555-56.

Rule 8 of the Federal Rules of Civil Procedure sets forth the general pleading requirements for claims brought in federal courts.  Fed. R. Civ. P. 8.  The first step in testing the sufficiency of the complaint is to identify any conclusory allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  That is, "a plaintiff's obligation to provide the grounds of [his] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.*

The second step requires the court to review the remaining factual averments to ensure the plaintiff has set forth a factual basis that provides more than the mere possibility that the alleged misconduct occurred.

> [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'

> *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2) (citations omitted).

Therefore, motions to dismiss for lack of standing are fatal to complaints that do not contain sufficient factual matter to establish standing.  *In re Horizon Healthcare Servs.*, 846 F.3d at 633; *Ashcroft*, 556 U.S. at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).\[2]

### B.  Article III Standing

Constitutional standing directly addresses justiciability: "whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 606 (3d Cir. 2010) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).  "Like any jurisdictional requirement, standing cannot be waived" and it remains Plaintiff's burden to demonstrate that she has standing at every stage of the litigation.  *Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 n.5 (3d Cir. 1997). Since Constitutional standing is not a mere pleading requirement, "but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). When subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of proof and no presumption of truthfulness attaches to the allegations of the plaintiff.  *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891-92 (3d Cir. 1977); *see also*

---

[2]\ In ruling on motions to dismiss under Fed. R. Civ. P. 12(b)(6), courts generally may not consider matters outside of the pleadings unless it is a matter of public record or is integral to the plaintiff's complaint.  *United States ex rel. Spay v. CVS Caremark Corp.*, 913 F. Supp. 2d 125, 131 n.1 (E.D. Pa. Dec. 20, 2012) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  Defendant attached a copy of the July 17, 2017 letter to this Motion because the copy attached to the Complaint was missing the below portion of the first page and the second page was omitted.  Accordingly, the Court may consider Exhibit 1 as it is integral to the Complaint. Redactions have been made on Exhibit 1 for privacy purposes.

*Constitution Party v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014); *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

The Supreme Court's decision in *Spokeo, Inc. v. Robins* is paramount in determining whether plaintiffs have standing to sue under federal consumer protection statutes like the FDCPA. In *Spokeo*, the plaintiff brought claims against the defendant, an alleged consumer reporting agency, for violating various provisions of the Fair Credit Reporting Act ("FCRA"). *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1546 (2016). According to the plaintiff, the defendant operated a website that allowed users to search for information about other individuals. *Spokeo, Inc.*, 136 S. Ct. at 1546. When the defendant was asked to generate a profile on the plaintiff, it released allegedly inaccurate information, which the plaintiff further alleged violated the FCRA. *Id*. In response to the plaintiff's allegations, the defendant filed a motion to dismiss arguing that the plaintiff lacked standing because he failed to allege a concrete and particularized injury. *Id*. The trial court granted the defendant's motion, but the Court of Appeals for the Ninth Circuit reversed. *Id*. The Supreme Court granted certiorari to decide whether plaintiff's alleged violations of his statutory rights were sufficient to satisfy the injury-in-fact requirement of Article III. *Id*.

The Supreme Court emphatically held that, even in the context of a statutory violation, Article III standing requires a concrete injury. *Id*. at 1549. The Supreme Court focused on the injury-in-fact requirement of Article III standing—the first and foremost of standing's three elements. *Id*. at 1547 (*quoting Steel Co. v. Citizens for A Better Environment*, 523 U.S. 83, 103 (1998)). The Court noted that "to establish [an] injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and "actual or imminent, not conjectural or hypothetical." *Id*. at 1548 (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The Court emphasized that the "concrete" and "particularized"

requirements are two distinct concepts, and federal courts must analyze them separately. *Id*. While, "[p]articularization is necessary to establish injury in fact . . . it is not sufficient. An injury in fact must also be 'concrete.'" *Id*. at 1548. The Court noted that "A 'concrete' injury must be 'de facto'; that is, it must *actually* exist." *Id*. (emphasis added).

While the Supreme Court in *Spokeo* rejected the notion that an injury must be tangible in order to be concrete, the Court stated that Congress plays an important role in deciding whether an injury that is intangible constitutes an injury in fact. *Spokeo*, 136 S. Ct. at 1549. Thus, under *Spokeo* there are "two tests for whether an intangible injury can (despite the obvious linguistic contradiction) be 'concrete.'" *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d at 637. The first test, "asks whether 'an alleged intangible harm' is closely related 'to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American Courts[,]'" such as alleged free speech violations. *Id*. at 637. Given that Plaintiff's claim does not regard a fundamental right historically enforced by courts, this Court should evaluate Plaintiff's claims under the second test. The second test, "asks whether Congress has expressed an intent to make an injury redressable." *Id*. An alleged statutory violation of the FDCPA is not always sufficient to confer Article III standing. *See Bock v. Pressler & Pressler, LLP,* No. 15-1056, 2016 U.S. App. LEXIS 13681, at *3-4 (3d Cir. July 2016) (holding that "a thorough discussion of concreteness is necessary in order for a court to determine whether there has been an injury-in-fact).

The Sixth Circuit has recently applied the Supreme Court's holding in *Spokeo* to an FDCPA claim, determined that in order for a plaintiff to have standing to bring an FDCPA, the plaintiff must, at a minimum, assert that there is actual harm beyond a "bare procedural violation," and questioned whether Congress has the authority to impose statutory damages under the FDCPA.

*Hagy v. Demers & Adams*, 882 F.3d 616, 620-623 (6th Cir. 2018) (*citing Spokeo, Inc. v. Robins*,

136 S. Ct. 1540, 1548-49 (2016).

> Article III of the U.S. Constitution does not authorize federal courts
> to decide theoretical questions. . . .  It extends the 'judicial Power'
> only to concrete 'Cases' and 'Controversies.' U.S. Const. art. III, §
> 2.  One telltale of a cognizable dispute suitable for resolution by the
> federal courts is that the parties have standing to bring it. The
> 'irreducible constitutional minimum' for standing requires the
> [plaintiff] to show (1) a particular and concrete injury, (2) caused by
> [defendant], and (3) redressable by the courts. . . . A claimant bears
> the burden of establishing standing and must show it 'for each claim
> he seeks to press.'

*Hagy*, 882 F.3d at 620 (internal citations and quotations omitted).

The FDCPA creates a cause of action that *initially appears* to have all three components

required to show standing under Article III of the Constitution: (1) duty—a debt collector must

include a required disclosure or language in a collection letter; (2) breach of duty—any debt

collector who fails to comply with that requirement is liable to the consumer; and (3) damages—

that consumer may recover actual damages and any additional damages up to $1,000 from the non-

compliant debt collector.   *See id.* However, "[n]ot all procedural violations, not even all

inaccuracies, though, cause real harm." *Id.* at 621.  Thus, "to satisfy the injury in fact requirement,

the [plaintiff] must point to some harm other than the fact of 'a bare procedural violation.'"  *Id.*

(citing *Spokeo*, 136 S. Ct. at 1550).   Ultimately, the Sixth Circuit held that "standing is not met

simply because a statute creates a legal obligation, as in § 1692e(11), and allows a private right of

action for failing to fulfil this obligation, as in § 1692k(a)."  *Id.* at 622.  In other words, "Congress

may elevate harms that exist in the real world before Congress recognized them to actual legal

status, but it may not simply enact an injury into existence, using its lawmaking power to transform

something that is not remotely harmful." *Id.* (citing *Spokeo*, 136 S. Ct. at 1548-1549) (emphasis

added).  "All we need say today is that Congress may not say that anything is an injury, and by saying so expect the federal courts to agree."  *Id.* at 623. (emphasis added)

C.     **Plaintiff Fails to Plead that She Suffered any Harm.**

Plaintiff has failed to plead that she suffered *any* harm from the alleged FDCPA violations. (Doc. 1).  Just like the plaintiff in *Spokeo*, the Plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation[,]" of the FDCPA divorced from any real harm.  *Spokeo, Inc.*, 136 S. Ct. at 1550. Plaintiff alleges that FBCS violated the FDCPA by making a settlement offer which entailed splitting the settlement payments into three (3) equal payments.  (Doc. 1 at ¶¶ 14, 16-19 and Exhibit A).  In the July 17, 2017 letter, FBCS offered to settle Plaintiff's outstanding debt for a total of $656.33, and offered the Plaintiff to make three (3) equal payments of $218.78. (Doc. 1 at ¶ 12-14, 16 and Exhibit A).  The result of electing this payment plan would be a one-cent increase in the amount of the original settlement offer to $656.34, instead of $656.33.  This one-cent increase is a result of the mathematical inability to evenly divide $656.33 three ways.

Plaintiff alleges that "Defendant has presented false and deceptive information to Plaintiff within its collection letter."  (Doc. 1 at ¶ 22).  Plaintiff also alleges that she "sustained a concrete and particularized injury by Defendant's placement of provisions within its letter that violated Plaintiff's rights under the FDCPA."  (Doc. 1 at ¶ 23).  Plaintiff's further alleges that she "sustained injury by being subject to Defendant's false and unjust representations."  (Doc. 1 at ¶ 24).  These allegations, however, do not reflect any actual harm that Plaintiff suffered.

Significantly, the settlement offer was gratuitous.  The mere fact that a settlement was offered at all is a benefit to Plaintiff. She has no legal right to be offered a reduced amount. The FDCPA protects from abusive debt collection practices.  It is not designed to punish legitimate collection activities.  *See Staub v. Harris*, 626 F.2d 275, 276-277 (3d Cir. 1980) ("The FDCPA

was enacted . . . 'to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors.'" (quoting Consumer Credit Protection Act, S. Rep. No. 95-382, at 1-2 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696)).  There is no violation of the FDCPA as the offer of settlement is neither abusive nor misleading.  *See Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006) (whether a communication is misleading must be evaluated from the perspective of the "least sophisticated consumer").\3

Moreover, <u>there can be no injury</u> due to a  third settlement installment payment that seeks an increase of merely one cent.  Courts have rejected similar FDCPA claims where there was a immaterial discrepancy in the balance.  *See Akoundi v. FMS, Inc.*, 2014 U.S. Dist. LEXIS 100259 at *14, 15 (S.D.N.Y. July 22, 2014) (dismissing plaintiff's FDCPA claim because a proposed settlement amount was one cent more than a perfect twenty-five percent (25%) of the total outstanding debt); *see  Grunwald v. Midland Funding LLC*, 172 F. Supp. 3d 1050, 1054 (D. Minn. Mar. 28, 2016) (dismissing plaintiff's FDCPA claim because the court harbored "serious doubt whether a thirty dollar ($30.00) misrepresentation in connection with a debt exceeding nine thousand dollars ($9,000.00) can be material as a matter of law").

---

3/      While the least sophisticated debtor standard protects naive consumers, "it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000); *Szczurek v. Prof'l Mgmt.*, No. 14-4775, 2015 U.S. App. LEXIS 17245, at *6 (3d Cir. Oct. 1, 2015)( "[M]isstatements must be material to be actionable under [Section] 1692e") (quoting  *Jensen v. Pressler & Pressler*, 791 F.3d 413, 416 (3d Cir. 2015)). "Although established to ease the lot of the naive, the standard does not go so far as to provide solace to the willfully blind or non-observant" for "[e]ven the least sophisticated debtor is bound to read collection notices in their entirety." *Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 299 (3d Cir.2008).

In the context of the FDCPA, courts have required plaintiffs to plead more substantial harms than being charged one cent over an offer of settlement involving a payment plan. In *Plouffe v. Bayview Loan Servicing, LLC*, a mortgagor defaulted numerous times on his obligation, and the mortgagee denied his application for a modification. *Plouffe v. Bayview Loan Servicing, LLC*, No. 15-5699, 2018 U.S. Dist. LEXIS 99480 at *8 (E.D. Pa. June 13, 2018). The mortgagee eventually initiated a foreclosure action against the plaintiff, and the plaintiff later brought FDCPA claims against the mortgagee. *Plouffe*, 2018 U.S. Dist. LEXIS 99480 at *11, 18. The defendants argued that the plaintiff lacked Article III standing to bring his FDCPA claims because he failed to demonstrate injury in fact. *Id*. at *24. The court denied the defendants' argument, and held that the plaintiff was able to show injury in fact in the form of "'incur[ing] numerous costs' and . . . 'excessive stress and aggravation of existing medical conditions and his disability.'" *Id*. at 26.

Additionally, in *Medina v. AllianceOne Receivables Mgmt.*, the plaintiff owed an outstanding debt on his Macy's credit card. *Medina v. AllianceOne Receivables Mgmt.*, No. 16-4664 2017 U.S. Dist. LEXIS 7325 at *1 (E.D. Pa. Jan. 19, 2017). The plaintiff filed an FDCPA claim after defendant debt collector made a settlement offer to plaintiff regarding the debt, and the collection letter stated that forgiveness of the debt would have to be reported under IRS regulations, which was deceptive because IRS regulations do not require disclosure of debt forgiveness under $600.00. *Medina*, 2017 U.S. Dist. LEXIS 7325 at *1, 2. The defendants moved to dismiss, arguing that the plaintiff did not have Article III standing under *Spokeo*. *Id*. at *2-3. The court held that the plaintiff did have standing, and ruled that the deceptive statement about the IRS "at the very least [caused] unnecessary fear and anxiety on the part of the consumer." *Id*. at *3.

Furthermore, in *Reed v. IC Systems*, a consumer brought an FDCPA action against a debt collector after the debt collector repeatedly contacted her more than eighty-four (84) times in a

four (4) month period and multiple times per day.  *Reed v. IC Sys.*, No. 3:15-279 2017 U.S. Dist. LEXIS 3239 at *1 (W.D. Pa. Jan. 10, 2017).  The defendant debt collector argued that plaintiff lacked standing to sue because she suffered no injury in fact; only mere annoyance when the telephone would ring.  *Reed*, 2017 U.S. Dist. LEXIS 3239 at *5.  The court held that the plaintiff's injury was sufficiently concrete to confer standing, and stated, "Plaintiff, as the object of repeated phone calls from Defendant which caused her wasted time and annoyance, 'has suffered injury in precisely the form the FDCPA was intended to guard against.'"  *Id*. at *10.

Unlike the plaintiffs in *Plouffe*, *Medina*, and *Reed*, Plaintiff's Complaint simply does not allege any injury or any damages sufficient to confer Article III standing.  *See Plouffe*, 2018 U.S. Dist. LEXIS 99480 at *26; *see Medina*, 2017 U.S. Dist. LEXIS 7325 at *3; *see  Reed*, 2017 U.S. Dist. LEXIS 3239 at *10.  There was absolutely no harm that was pled nor could have been pled due to Defendant's gratuitous offer of a payment plan would have that resulted in Plaintiff paying one cent more so that she could pay a settlement over time.  Even more significant, Plaintiff did not even elect this offer.  Because Plaintiff has suffered absolutely no injury, she lacks Article III standing to bring her FDCPA claims, and this Court should grant FBCS's Motion to Dismiss for lack of subject matter jurisdiction.

IV.     **CONCLUSION**

For the reasons expressed above, Defendant FBCS Inc. respectfully requests that the Court grant this Motion and dismiss Plaintiffs Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.


FINEMAN KREKSTEIN & HARRIS, P.C.


By:     /s/ Monica M. Littman
        RICHARD J. PERR, ESQUIRE (PA 72883)
        MONICA M. LITTMAN, ESQUIRE (PA 94134)
        Ten Penn Center
        1801 Market Street, Suite 1100
        Philadelphia, PA  19103-1628
        (v) 215-893-9300; (f) 215-893-8719
        rperr@finemanlawfirm.com
        mlittman@finemanlawfirm.com
        Attorneys for Defendant

Dated:   September 28, 2018

# CERTIFICATE OF SERVICE

I, MONICA M. LITTMAN, ESQUIRE, , hereby certify that on this date I served a true

and correct copy of the foregoing electronically via the Court's CM/ECF system, or by first class

mail, postage prepaid, and/or email or facsimile on the following:

Nicholas Linker, Esquire
Zemel Law LLC
1373 Broad Street, suite 203-C
Clifton, NJ  07013
862-227-3106
nl@zemellawllc.com
Attorneys for Plaintiff

/s/ Monica M. Littman
MONICA M. LITTMAN, ESQUIRE

Dated:    September 28, 2018